UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIFFANY BOUNDAS and DOROTHY STOJKA, individually and on behalf of a class, ) ) ) Plaintiffs, ) ) vs. ) ) ABERCROMBIE & FITCH STORES, INC., an Ohio ) corporation, ) ) Defendant. ) | 10 C 4866 Judge Feinerman |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Tiffany Boundas and Dorothy Stojka brought this putative class action in the Circuit Court of DuPage County, Illinois, against Defendant Abercrombie & Fitch Stores, Inc., alleging breach of contract and violation of the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code Ann. § 1345.01 *et seq*. Abercrombie removed the case pursuant to 28 U.S.C. § 1453(b), premising federal jurisdiction on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). On Abercrombie's motion, the court dismissed the OCSPA claims under Federal Rule of Civil Procedure 12(b)(6) because the transactions at issue involved non-Ohio consumers and otherwise lacked a substantial connection to Ohio. 2011 WL 1676053 (N.D. Ill. May 2, 2011). Plaintiffs then moved to remand the case to state court, arguing that dismissal of the OCSPA claim reduced the matter in controversy below CAFA's jurisdictional minimum of $5 million. *See* 28 U.S.C. § 1332(d)(2). The motion is denied.

Abercrombie is a clothing retailer with stores across the United States. In a December 2009 promotion, Abercrombie promised a $25 gift card to customers who bought at least $100 of

merchandise in a single transaction. Stojka purchased approximately $300 of merchandise at an Abercrombie store in Oak Brook, Illinois, and received gift cards with a cumulative value of $75. The gift cards state: "This gift card is redeemable at all Abercrombie & Fitch … locations, Abercrombie.com and abercrombiekids.com. … No expiration date." Stojka gave her cards to Boundas as a gift. Boundas attempted to redeem the cards at the Oak Brook store in April 2010, but the store declined, explaining that Abercrombie had voided the cards on or around January 30, 2010, eliminating all remaining value on them.

In arguing that the $5 million jurisdictional minimum has been satisfied, Abercrombie contends the value of the cards at issue is $5,674,453.44. Plaintiffs respond that the value of the cards is $4,228,537.35. Even if Plaintiffs were right about that—and the court will assume without deciding that they are—the jurisdictional minimum still would be met. The reason is that the complaint included an OCSPA claim at the time of removal. Doc. 1-2 at 12. As permitted by Ohio law, the complaint sought punitive damages on that claim. *See Whitaker v. M.T. Auto., Inc.*, 855 N.E.2d 825, 832 (Ohio 2006). With a starting point of $4,228,537.35 in actual damages, only $771,462.66 in punitive damages—less than a 1:5 ratio—would be necessary to push the amount in controversy over $5 million. That ratio is well within the limits permitted by the Due Process Clause. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) (single-digit multiplier permitted). It also is far less than ratios approved in reported OCSPA cases. *See Smith v. Gen. Motors Corp.*, 859 N.E.2d 1035, 1043 (Ohio App. 2006) (affirming 8:1 ratio); *Arales v. Furs by Weiss, Inc.*, 2003 WL 21469131, at *8 (Ohio App. June 26, 2003) (affirming 3:1 ratio). In *Keeling v. Esurance Ins. Co.*, __ F.3d __, 2011 WL 4448578 (7th Cir. Sept. 26, 2011), the Seventh Circuit upheld jurisdiction under CAFA upon concluding that a 5:1 ratio of punitive damages to compensatory damages was conceivable in a

case brought under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.*, which is Illinois' counterpart to the OCSPA.

Plaintiffs do not contest the availability of punitive damages under the OCSPA and do not argue that a 1:5 ratio of punitive to compensatory damages would be "legally impossible," which is the governing standard. *See Keeling*, 2011 WL 4448578, at *1; *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011). Rather, they argue that the OCSPA claim should not be considered in calculating the amount in controversy. If Plaintiffs were right, then the amount in controversy would not exceed $5 million because punitive damages are not permitted on contract claims under either Illinois or Ohio law. *See Leyshon v. Diehl Controls N. Am., Inc.*, 946 N.E.2d 864, 877 (Ill. App. 2010); *Burns v. Prudential Sec., Inc.*, 857 N.E.2d 621, 652-53 (Ohio App. 2006). But Plaintiffs are wrong. Settled law holds that "[a] federal court's jurisdiction under CAFA is determined at the time of removal." *Cleary v. Philip Morris, Inc.*, 656 F.3d 511, 515 (7th Cir. 2011); *see also Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 535 (7th Cir. 2011) ("Subject-matter jurisdiction depends on the state of things when suit is filed; what happens later does not detract from jurisdiction already established."); *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) ("events after the date of removal do not affect federal jurisdiction"); *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 396 (7th Cir. 2011) (same). This means that the OCSPA claim, despite its dismissal after removal, must be considered in calculating the amount in controversy. As the Seventh Circuit has held, "a district court may not dispose of some claims on the merits, then dismiss the suit for lack of jurisdiction because the remaining claims fall short of the minimum amount in controversy." *Morrison*, 649 F.3d at 535.

Plaintiffs attempt to evade this principle by arguing that the OCSPA claim was dismissed not on the merits, but on "standing" grounds. That is incorrect. The court dismissed the OCSPA claim because the statute does not apply extraterritorially where, as here, the "Ohio business did not communicate, from Ohio, directly and individually with the non-Ohio plaintiff[s]." 2011 WL 1676053, at *3. That dismissal was on the merits under Rule 12(b)(6), not for lack of standing under Rule 12(b)(1). The Seventh Circuit addressed a materially identical issue in *Morrison*, where the district court held that non-Illinois class members could not pursue a claim under the ICFA and characterized its decision as resting on "standing." 649 F.3d at 535. The Seventh Circuit rejected that characterization, explaining that the dismissal of the non-Illinois class members' ICFA claims was on the merits: "If the [ICFA] does not apply because events were centered outside Illinois, then plaintiffs must rely on some other state's law; this application of choice-of-law principles has nothing to do with *standing*." *Id*. at 536. The same holds here with respect to the dismissal of the OCSPA claim. Because that claim was dismissed on the merits, it must be considered in calculating the amount in controversy.

For these reasons, CAFA's jurisdictional minimum is satisfied, and Plaintiffs' motion to remand is denied.

November 21, 2011

_____
United States District Judge